UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4600

JESSIE J. JACKSON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4601

DAVID M. CRUDUP,
Defendant-Appellant.

Appeals from the United States District Court
for the Eastern District of North Carolina, at New Bern.
Terrence W. Boyle, Chief District Judge.
(CR-98-14)

Submitted: July 31, 2000

Decided: September 18, 2000

Before WILKINS, NIEMEYER, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas P. McNamara, HAFER, MCNAMARA, CALDWELL, CUT-
LER & CURTNER, P.A., Raleigh, North Carolina; David W. Long,

POYNER & SPRUILL, L.L.P., Raleigh, North Carolina, for Appellants. Janice McKenzie Cole, United States Attorney, Anne M. Hayes, Assistant United States Attorney, David J. Cortes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Jesse J. Jackson and David M. Crudup were convicted by a jury on a single count of conspiracy to defraud the United States by aiding and assisting the preparation of false income tax returns, in violation of 18 U.S.C. § 371 (1994), and multiple counts of aiding and assisting the preparation and filing of false income tax returns, in violation of 26 U.S.C. § 7206(2) (1994). Jackson was sentenced to a 41-month sentence on the single count and concurrent 36-month sentences on the multiple counts. Crudup was sentenced to 37 months on the single count and concurrent 36-month sentences on the remaining counts.

On appeal, Jackson and Crudup first allege that the district court erred in refusing to give a First Amendment jury instruction. This Court reviews a district court's failure to give a jury instruction for abuse of discretion. See United States v. Ruhe , 191 F.3d 376, 384 (4th Cir. 1999). Jackson and Crudup would have been entitled to an instruction on a First Amendment defense if there were evidence sufficient for a reasonable jury to find in their favor on that account. See United States v. Fleschner, 98 F.3d 155, 158 (4th Cir. 1996). A First Amendment defense is warranted if there is evidence that the speaker's purpose or words are mere abstract teaching of the propriety of opposition to the income tax law. See id. We find no abuse of discretion. See Fleschner, 98 F.3d at 158.

Jackson and Crudup next argue that the court abused its discretion in giving the jury a willful blindness instruction. A willful blindness

2

instruction allows a "jury to impute the element of knowledge to [a] defendant if the evidence indicates that he purposely closed his eyes to avoid knowing what was taking place around him." United States v. Schnabel, 939 F.2d 197, 203 (4th Cir. 1991). A willful blindness instruction is proper when the evidence presented supports an inference of deliberate ignorance on the part of a defendant. See United States v. Abbas, 74 F.3d 506, 513 (4th Cir. 1996). A district Court must ensure, however, that a jury is not permitted to infer a defendant's guilty knowledge based upon a showing of mere careless disregard or mistake. See United States v. Guay , 108 F.3d 545, 551 (4th Cir. 1997); United States v. Mancuso, 42 F.3d 836, 846 (4th Cir. 1994). We find that under the facts of this case, such instruction was warranted.

Last, Jackson and Crudup argue that the district court erred in increasing both their base offense levels by two levels pursuant to U.S. Sentencing Guidelines Manual 2T1.4(B)(1) for committing the offenses as a pattern or scheme from which they derived a substantial portion of their income or from being in the business of preparing tax returns. We also find no error in such application.

Accordingly, we affirm Jackson's and Crudup's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3